UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD T. CASANOVA, #249715, § | |
| § | |
| Plaintiff, § | |
| § | SA-24-CV-00919-XR |
| v. § | |
| § | |
| NELL SMITH, Assistant District Attorney, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Richard T. Casanova's 42 U.S.C. § 1983 Second Amended Civil Rights Complaint and response to the Court's Show Cause Order. (ECF Nos. 13, 14). Casanova is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 9, 10). Upon review, to the extent Casanova seeks monetary damages or other retrospective relief, the Court orders Casanova's § 1983 claims against Defendant Assistant District Attorney Nell Smith in her official capacity **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. (ECF Nos. 13, 14); *see* U.S. CONST. amend. XI. The Court orders Casanova's remaining § 1983 claims against Defendant Assistant District Attorney Nell Smith in her individual capacity for monetary damages **DISMISSED WITH PREJUDICE** based on prosecutorial immunity. (ECF Nos. 13, 14); *see* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### BACKGROUND

Casanova is currently confined in the Bexar County Adult Detention Center based on an indictment for violation of bond/protective order. *See* Register of Actions - 2024CR007360 (tylertech.cloud) (last visited Sept. 18, 2024). While confined, he filed this § 1983 action against Defendant Assistant District Attorney Nell Smith ("ADA Smith"). (ECF No. 1). Casanova then

filed an Amended Complaint. (ECF No. 4). The Court found Casanova's Amended Complaint deficient and rendered a Show Cause Order pointing out the deficiencies and ordering Casanova to correct them by filing a second amended complaint. (ECF No. 11). In response, Casanova filed his Second Amended Complaint as well as a response to the Show Cause Order. (ECF Nos. 13, 14). In his Second Amended Complaint and response to the Show Cause Order, Casanova alleges ADA Smith violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by using "an expired protective order to wrongfully keep [him] incarcerated and blacking [him] by keeping him incarcerated [until] he signs a two year protective order." (ECF Nos. 13, 14). As relief, he seeks only monetary damages. (ECF No. 14).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which

is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Eleventh Amendment—Official Capacity

To the extent Casanova's claims are brought against ADA Smith in her official capacity for monetary damages, which is the only relief sought, such claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*,

437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of § 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Casanova's claims against

4

ADA Smith in her official capacity for monetary damages—again, the only relief sought—is subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71.

### B. Prosecutorial Immunity—Individual Capacity

To the extent Casanova asserts § 1983 claims against ADA Smith in her individual capacity for monetary damages, the Court finds such claims are barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Casanova has not alleged any facts showing ADA Smith was acting outside the course and scope of her role as an advocate for the State of Texas regarding the criminal prosecution against him. (ECF Nos. 13, 14). Thus, the Court finds ADA Smith is immune and Casanova's § 1983 claims against her in her individual capacity for monetary damages—the only relief sought—are subject to dismissal based on prosecutorial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

## CONCLUSION

Casanova was given an opportunity to amend his Amended Complaint to correct the deficiencies set out in the Court's Show Cause Order. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although he filed a Second Amended Complaint and a response, the Court finds Casanova's claims are still deficient and substantively subject to dismissal based on the analysis set out above.

**IT IS THEREFORE ORDERED** that Casanova's 42 U.S.C. § 1983 claims (ECF Nos. 13, 14) against ADA Smith in her official capacity for monetary damages are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Casanova's remaining 42 U.S.C. § 1983 claims (ECF Nos. 13, 14) against ADA Smith in her individual capacity for monetary damages are **DISMISSED WITH PREJUDICE** based on prosecutorial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

It is so **ORDERED**.

**SIGNED** this 18th day of September, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE